IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-112-FL

| | |
|---|---|
| TAIFA BARTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. DE's-15 & 18. The time for filing any responses or replies has expired, and, therefore, the motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), they have been referred to the undersigned for the entry of a Memorandum and Recommendation.

For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-15) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-18) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff protectively filed concurrent applications for supplemental security income and disability insurance benefits on April 27, 2005, alleging disability beginning January 28, 2005. Tr. 20. Her claim has a rather tortured procedural history: it was denied initially and upon

reconsideration, denied by an Administrative Law Judge ("ALJ") following a hearing in 2008, remanded by the Appeals Council for further consideration, denied by a different ALJ following a hearing in 2009, and then again remanded by the Appeals Council with instructions to obtain and consider a consultative mental status examination. *See, e.g.*, Tr. 20, 80-81. A third hearing was therefore held before an ALJ for consideration of new mental health evidence, and the ALJ determined that Plaintiff was not disabled in a decision dated July 28, 2011. *Id.* at 20-28. The Social Security Administration's Office of Disability Adjudication and Review denied Plaintiff's request for review on December 13, 2012, rendering the ALJ's determination as Defendant's final decision. *Id.* at 3. Plaintiff filed the instant action on February 19, 2013. DE-5.

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive….

42 U.S.C. § 405(g). "Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or

2

substitute . . . [its] judgment for that of the Secretary." *Craig*, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

But before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether Defendant has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *Sterling Smokeless Coal Co. v. Akers,* 131 F.3d 438, 439-440 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983). While the ALJ is not required to discuss each and every piece of evidence in the record, *Aytch v. Astrue*, 686 F. Supp. 2d 590, 602 (E.D.N.C. 2010), without a sufficient explanation of the weight given to obviously probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. *Arnold v. Secretary of Health, Ed. and Welfare*, 567 F.2d 258, 259 (4th Cir. 1977). Remand is therefore appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. *Ivey v. Barnhart*, 393 F. Supp. 2d 387, 390 (E.D.N.C. 2005) (citing *Murphy v. Bowen*, 810 F.2d 433, 438 (4th Cir. 1987)).

## **ANALYSIS**

Title II of the Social Security Act provides for the payment of insurance benefits to persons who have contributed to the program and who suffer from a physical or mental disability, as defined by the Act. 42 U.S.C. § 423(a)(1)(D). Title XVI of the Act provides for the payment of disability benefits to indigent persons under the Supplemental Security Income (SSI) program. *Id.* § 1382(a). Both titles define "disability" as the "inability to engage in <u>any</u>

3

Case 5:13-cv-00112-FL   Document 21   Filed 04/04/14   Page 3 of 9

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." *Id.* §§ 423(d)(1)(A) & 1382c(a)(3)(A) (emphasis added). More specifically, an individual is considered disabled under the Act

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Accordingly, the Social Security Administration has promulgated the following regulations establishing a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b).[1] If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

*Mastro v. Apfel*, 270 F.3d 171, 177 (4th Cir. 2001). The ALJ followed the sequential evaluation

---

[1] The five step analysis applies to both supplemental security income and disability insurance benefits. *Compare* 20 C.F.R. Part 404 subpart P *with id.* Part 416 subpart I. For simplicity, only 20 C.F.R. Part 404, which governs disability insurance benefits, is cited herein.

4

in this case. First, the ALJ found Plaintiff had engaged in substantial gainful activity from December 2009 through the date of the decision. Tr. 22. Accordingly, the decision addresses a closed period of disability, from the alleged onset date through December 2009. *Id.* at 23. At step two, the ALJ found that Plaintiff had the following severe impairments: fibromyalgia, degenerative disc disease, and obesity. *Id*. The ALJ found that Plaintiff's mentally determinable impairments of depression, bipolar disorder, and history of drug abuse were non-severe. *Id.* The ALJ then determined that Plaintiff did not have an impairment that met or medically equaled one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 24. Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC")[2] to perform work the full range of sedentary work. *Id*. at 24. The ALJ then found that Plaintiff was not able to perform past relevant work. *Id*. at 27. Applying the Medical-Vocational Gudelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ found that Medical Vocational Rule 201.28 directed a finding of "not disabled." *Id*. at 28. Accordingly, the ALJ determined that Plaintiff had not been under a disability during the relevant time period. *Id*.

Plaintiff raises several objections to the ALJ's assessment of the evidence. Because the undersigned concludes that remand is warranted for the ALJ's error in determining that Plaintiff's mental impairments were non-severe, Plaintiff's remaining objections are not addressed. *See Powell v. Astrue*, No 5:09-cv-290, 2010 WL 3075526, at *4 (E.D.N.C. Jul. 16, 2010) (declining to address other arguments when recommending remand based on ALJ's failure to provide adequate analysis of treating physician's opinion), *adopted by* 2010 WL 3075522 (E.D.N.C. Aug. 5, 2010).

---

[2] An individual's RFC is what that person can still do despite physical and mental impairments. 20 C.F.R. § 404.1545(a).

### A. The ALJ Failed to Apply the "Special Technique" to Assess the Severity of Plaintiff's Mental Impairments, as Required by 20 C.F.R. § 404.1520a.

An impairment is considered severe within the meaning of the regulations if it "significantly limits ... [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Conversely, an impairment is not severe "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." SSR 85-28, 1985 WL 56856, at *3 (Nov. 15, 1985); *see also Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984). Accordingly, the "severity standard is a slight one." *Stemple v. Astrue,* 475 F. Supp. 2d 527, 536 (D.Md. 2007).

In evaluating the severity of mental impairments, the ALJ is required to apply the "special technique" set forward in 20 C.F.R. § 404.1520a. *See id.* § 404.1520a(e) ("[W]e will document application of the technique in the decision."). This technique requires the ALJ to consider and rate the claimant's limitations in four functional areas: (1) activities of daily living, (2) social functioning, (3) concentration, persistence, or pace, and (4) episodes of decompensation. *Id.* § 404.1520a(c)(3). The first three functional areas are rated on a five-point scale: none, mild, moderate, marked, and extreme. *Id.* § 404.1520a(c)(4). A four-point scale is used to rate the fourth functional area: none, one or two, three, and four or more. *Id.* The ALJ must "document [his] application of the technique in [his] decision," and include a "specific finding as to the degree of limitation" in each functional area. *Id.* § 404.1520a(e) & (e)(4).

The ALJ failed to follow this standard here. Although he discusses mental health evidence generally, he makes no specific findings as to Plaintiff's limitations in each functional

area. *See, e.g.*, Tr. 23. The ALJ additionally cites the opinions of a state agency consultant[3] as well as Plaintiff's treating physician as to each functional area, yet ostensibly fails to make his own findings. *Id.* He states:

> The undersigned is in agreement with Dr. Mann's assessment because it is generally supported by the treatment records and concludes that her mental impairments cause no more than 'mild' limitations in any of the first three functional areas and 'no' episodes of decompensation which have been of extended duration in the fourth area.

Tr. 24. This passage is ambiguous. It is unclear whether the ALJ is indicating that he is both in agreement with Dr. Mann and also concludes that Plaintiff has no more than mild limitations in the first three functional areas, or whether one reason the ALJ agrees with Dr. Mann is because of Dr. Mann's conclusions that Plaintiff had only mild limitations. In the latter case, the ALJ has failed in his obligation to weigh the evidence and make independent findings. In the former case, the ALJ not only lumps the first three functional areas together without discussing each, but also fails to support his findings with evidence. *See Waters v. Astrue,* 495 F. Supp. 2d 512, 515-16 (D. Md. 2007) (remand was required where ALJ failed to document special technique and failed do discuss "the ALJ's own specific findings as to the degree of limitation in **each** of the four areas of functioning") (emphasis in original). And in either case, the ALJ has "failed to [make] the type of refined analysis of the functional areas addressed that the special technique compels." *Sturdivant v. Astrue*, 7:11-CV-53-D, 2012 WL 642541 (E.D.N.C. Feb. 1, 2012) *report and recommendation adopted,* 7:11-CV-53-D, 2012 WL 641556 (E.D.N.C. Feb. 28, 2012) (remanding for failure to incorporate special technique into decision).

An ALJ is free to discount or reject evidence that he considers—but if he does, he must

---

[3] In its first remand order in September 2008, the Appeals Council chastised the original ALJ for giving significant weight to this agency consultant's opinion, stating that its probative value as to "the issue of disability during the entire period at issue" required further evaluation because it "substantially pre-dated the hearing decision." Tr. 124. In addition, as Plaintiff notes, that ALJ's decision found that Plaintiff's bipolar disorder was severe. Tr. 46.

"say so and . . . explain why." *Smith v. Heckler*, 782 F.2d 1176, 1181 (4th Cir. 1986). Here, the ALJ's findings with regard to the special technique are wholly bereft of explanation. This shortcoming hamstrings the Court's ability to assess whether the ALJ properly analyzed all relevant evidence. *See Wilson v. Astrue*, 4:07-CV-148-FL, 2008 WL 2019650 (E.D.N.C. May 9, 2008) (remanding for further proceedings to fully explain and assess the claimant's mental impairments); *Jones v. Astrue*, No. 11-cv-2703, 2012 WL 6757532 (D. Md. Dec. 28, 2012) (remanding where the ALJ's findings with regard to the four § 404.1520a functional areas failed to cite to any medical evidence and was "patently insufficient to allow review").

As this Court has previously held, where a Plaintiff has presented a colorable claim of a mental impairment, failure to follow the special technique is not harmless error.[4] *Cole v. Colvin*, 2:12-CV-44-FL, 2013 WL 3984019 (E.D.N.C. Aug. 1, 2013) (citing *Sparrow v. Astrue,* 4:09–CV–143–D, 2010 WL 2910013 (E.D.N.C. June 28, 2010) *report and recommendation adopted,* 4:09–CV–143–D, 2010 WL 2893607 (E.D.N.C. July 23, 2010). Remand is therefore warranted. *Id.*; *see also Schoofield v. Barnhart*, 220 F. Supp.2d 512, 518 (D. Md. 2002) ("Erroneous findings at Step Two usually infect the entire decision, since all of a claimant's impairments must be considered in combination at Steps Three, Four and Five.").

In sum, it is RECOMMENDED that this matter be remanded for specific findings with regard to Plaintiff's mental impairments, in accordance with 20 C.F.R. § 404.1520a.

---

[4] Much of the ALJ's finding appears to be premised upon Plaintiff's "admi[ssion] that her depression was controlled with medication." Tr. 23. Yet Plaintiff's testimony at the hearing was that what changed for her in 2009 was that "we finally found that perfect match of the medication that helped with the depression and the fatigue," Tr. 624, while the prior medications prescribed by her family doctor did not "really work[] all that well." Tr. 622. Because the relevant period to the disability decision is January 2005-December 2009, the fact that Plaintiff's depression *became* controlled in 2009 does not compel the conclusion that it was non-severe for the entire period at issue.

8

**CONCLUSION**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-15) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-18) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S. C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, April 4, 2014.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE